UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JERRY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 11-CV-3388 |
| | ) |
| EQUIFAX, EXPERIAN, and | ) |
| TRANSUNION CREDIT | ) |
| REPORTING AGENCIES, | ) |
| | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding *pro se* and currently incarcerated in Graham Correctional Center, pursues claims under the Fair Credit Reporting Act arising from alleged inaccuracies in his credit reports. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In sum, Plaintiff's allegations are too vague to discern a plausible claim under the Act. The complaint will, therefore, be dismissed without prejudice to filing an amended complaint.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify

1

cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

The Fair Credit Reporting Act requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy." 15 U.S.C. § 1681e(b). If a consumer notifies the agency of a dispute concerning the accuracy of the report, the agency must, "free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). The agency must give the consumer notice of the results of the reinvestigation, which includes the reasons underlying the determination, the identity of businesses contacted, and the consumer's right to add a statement to his file disputing the amount. 15 U.S.C. § 1681i(6)(B). A private action to "enforce any liability created" under the Act may be brought in federal district court within 2 years after the date of discovery or 5 years after the violation, whichever occurs earlier. 15 U.S.C. § 1681p. Actual damages plus costs and attorneys fees are recoverable, 15 U.S.C. § 1681o(a), as well as punitive damages if the violation is willful.

Plaintiff's allegations do not give enough factual information to determine

whether he has a plausible claim under the Act. Plaintiff alleges that his credit reports contain "wrongful dates and times of loans," but he does not appear to dispute that he did take out loans. He asserts that "the information displayed about the amount of money owed is not 100 percent correct. The loans were not taken out in 2002, 2003, 2004, 2005, 2006, 2007, 2008, or 2009. The loans were taken out in 1995 in the State of Minnesota, Illinois, and possibly other states." Plaintiff has not attached any of the agency reports, which might help the Court decipher his claim. If Plaintiff does have unpaid loans from 1995, the other dates on the credit report may simply reflect the continued presence of those existing debts and the interest accrued on those debts.

Further, this Court cannot tell what actual damages Plaintiff suffered. He seems to contend that he was denied loans by Sally Mae and the Lending Tree while he was a student at Lincoln Land Community College, but he does not say when this occurred, how much he applied for, or why he believes that the inaccurate dates caused the loan denial as opposed to, for example, the outstanding debt Plaintiff has from 1995 or his string of criminal convictions running back to 1982 (according to the IDOC's website).

Also not clear is the agencies' response to Plaintiff's complaints. Plaintiff alleges that the agencies contacted him in response to his complaints "to make it

seem as if they were in agreement with clearing up the mistake." This allegation suggests that the agencies agreed to correct something, but other allegations state that inaccuracies remain. He does not attach his letters to the agencies or the agencies' responses, which might shed some light.

Lastly, Plaintiff alleges that he has suffered emotionally from the inaccuracies "for the last 15 years," which suggests that Plaintiff's claim is barred by the two-year statute of limitations. The statute of limitations is an affirmative defense, but dismissal on the allegations is appropriate when "the facts pleaded in the complaint establish that a claim is time barred." Logan v. Wilkins, 644 F.3d 577, 582-83 (7th Cir. 2011).

For these reasons, the Court can discern no plausible claim from the complaint. However, Plaintiff will be given an opportunity to file an amended complaint if he believes that he can state a plausible claim.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court dismisses Plaintiff's complaint without prejudice for failure to state a claim.

2) If Plaintiff believes he can state a plausible claim, he may file an amended complaint by December 23, 2011. Failure to file an amended complaint

will result in dismissal of this case without prejudice.

   3) The merit review scheduled for December 5, 2011, is cancelled.  The clerk is directed to notify Plaintiff's prison of the cancellation.

ENTERED: November 28, 2011

FOR THE COURT:

             **s/Sue E. Myerscough**
            SUE E. MYERSCOUGH
           UNITED STATES DISTRICT JUDGE